IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ZENO EUGENE SIMS,**

    Petitioner,

  vs.

CIVIL ACTION
No. 09-3082-RDR

**CLAUDE CHESTER,**

    Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by a prisoner in federal custody. Petitioner claims the Bureau of Prisons (BOP) has not properly implemented his sentence, and he seeks a nunc pro tunc designation to allow him to serve concurrent state and federal sentences.

**Factual background**

Petitioner is serving a 235-month federal sentence imposed in the United States District Court for the Western District of Missouri, on December 4, 2001.

He was arrested on August 1, 2001, by federal authorities and placed in federal custody. At his federal sentencing, the court ordered his sentence to be served concurrently with a

state sentence that had not yet been imposed.

On December 28, 2001, petitioner appeared pursuant to a writ of habeas corpus ad prosequendum in the Circuit Court of Jackson County, Missouri, and was sentenced to a term of 30 years. The state court imposed concurrent state court sentences, but it also ordered the state sentence to be consecutive with the federal sentence already imposed.

Petitioner was returned to federal authorities on February 2, 2002. The State of Missouri has filed a detainer requesting that he be released to Jackson County authorities upon completion of his federal sentence.

### Discussion

Respondent seeks the dismissal of this petition on several grounds, including the fact that petitioner has pursued the same or similar claims in earlier actions.

The court takes judicial notice that petitioner has filed other actions raising essentially the same claims as those presented in this matter.

In 2004, he filed a petition for habeas corpus pursuant to § 2241 in the United States District Court for the Western District of Louisiana. *Sims v. Tapia*, No. 04-0227-A. In that matter, petitioner challenged the execution of his federal concurrent sentence and the refusal of the BOP to allow his

designation to the State of Missouri for service of his federal term. He sought an order directing the BOP to implement the concurrent sentence imposed by the federal sentencing court. The Magistrate Judge entered a Report and Recommendation that the petitioner be granted. However, the District Judge denied relief and dismissed the petition.[1]

Petitioner also unsuccessfully sought relief in the sentencing court. In *United States v. Sims*, No. 2:01-cr-04030 (W.D. Mo.)[2], he filed a motion for transfer to state custody and a motion to enforce his guilty plea sentence, and a motion for summary judgment, arguing that he is entitled to serve his federal sentence concurrently, as ordered by the federal court at his sentencing.

In *Sims v. United States of America*, No. 2:03-cv-04065 (W.D. Mo.), petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He challenged the execution of his sentence by the BOP and sought the designation of the State of Missouri for service of his state and federal sentences. The sentencing court denied the petition on October 31, 2003, for lack of subject matter jurisdiction.

---

[1] A copy of the order rejecting petitioner's claim is attached.

[2] Doc. 8, Attach. 4.

Where a habeas corpus action presents a claim that had been presented and adjudicated in an earlier petition, a federal court may decline to consider the successive action unless it determines that considering the claim would serve the ends of justice. *See McCleskey v. Zant*, 499 U.S. 467, 480-82 (1991). Likewise, where a second or subsequent petition presents a claim for relief that could have been raised in the earlier petition, the habeas court may decline to consider the later petition as an abuse of the writ. *Id*. at 482-89.

Having considered the record, the court concludes the present action is a successive application for habeas corpus, as it is clear that petitioner presented the same claims in an earlier petition in the Western District of Louisiana, and in actions filed in the sentencing courts, and that those claims were resolved on the merits. The court finds no sound basis to allow additional consideration of the petitioner's claims and concludes this matter must be dismissed. *See Stanko v. Davis*, 617 F.3d 1262, 1269-70 (10th Cir. 2010)(holding that the ban on successive actions and the doctrine of abuse of the writ apply to actions brought pursuant to § 2241).

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed as a successive petition for habeas corpus.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 15th day of July, 2011.

                          S/ Richard D. Rogers
                          RICHARD D. ROGERS
                          United States Senior District Judge